**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JUNE 1998 SESSION**



**FILED**

**September 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9708-CC-00338 |
| | ) | |
| vs. | ) | Montgomery County |
| | ) | |
| **GERALD D. LOVELACE,** | ) | Hon. Robert W. Wedemeyer, Judge |
| | ) | |
| Appellant. | ) | (Attempted Second Degree Murder - |
| | ) | 2 counts, Reckless Endangerment) |
| | ) | |

FOR THE APPELLANT:

**GREGORY D. SMITH**
Attorney at Law
One Public Square, Suite 321
Clarksville, TN 37040

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for the State
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JOHN WESLEY CARNEY, JR.**
District Attorney General

**WILLIAM CLOUD**
Asst. District Attorney General
204 Franklin St., Suite 200
Clarksville, TN 37040

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

The defendant, Gerald D. Lovelace, appeals from his convictions of two counts of attempted second degree murder and one count of reckless endangerment. Lovelace received his convictions at the conclusion of a jury trial in the Montgomery County Circuit Court. The trial court sentenced him to serve concurrent sentences of eleven years, six months for each of his two attempted second degree murder convictions and two years for his reckless endangerment conviction. In this direct appeal, Lovelace challenges the length of his effective sentence. After a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

It appears from the sparse record before us that Lovelace, who was seventeen years old at the time of his crimes but was transferred from juvenile court to criminal court, received his convictions based upon his conduct of firing a shotgun into an occupied establishment known as "Showboat." The crimes may have been gang related.

Lovelace complains that the trial court erred in the application of enhancement factors (3),[1] (9)[2] and (10).[3] In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing

---

[1]"The offense involved more than one (1) victim[.]" Tenn. Code Ann. § 40-35-114(3) (1997).

[2]"The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense[.]" Tenn. Code Ann. § 40-35-114(9) (1997).

[3]"The defendant had no hesitation about committing a crime when the risk to human life was high[.]" Tenn. Code Ann. § 40-35-114(10) (1997).

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. The party appealing the sentencing determination has the burden of showing that it is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

In the case at bar, the record affirmatively reflects the trial judge's thoughtful consideration of the relevant criteria for sentencing. Accordingly, our de novo review is accompanied by the presumption of correctness.

Beginning with enhancement factor (3), Lovelace has two complaints. First, he posits that the trial court erroneously applied this enhancement factor because it found the factor related to possession of a firearm, rather than the presence of multiple victims. We disagree with his interpretation of the trial judge's findings at the sentencing hearing.

Second, Lovelace argues that factor (3) should not be applied because there were separate convictions for two counts of attempted second degree murder for his two victims. The state offers a concession of the point. We, however, disagree with both the defendant and the state, who have overlooked a third victim. The presentence report contains a victim impact statement from Bobby Baggett, the owner of Showboat.[4] In his statement, Mr. Baggett describes property

---

[4]Such statements are properly included in presentence reports. See Tenn. Code Ann. § 40-35-207(8) (1997).

damage caused by Lovelace's unlawful conduct and includes receipts for $617.63 related to repairs to the damaged property. Based upon this evidence, we find no error in the trial court's application of enhancement factor (3).

Lovelace also challenges the trial court's application of enhancement factor (9) to his attempted second degree murder convictions. He claims the trial court enhanced his sentence once because he <u>possessed</u> a firearm during the offenses and a second time because he <u>employed</u> a firearm during the offenses. We disagree with this characterization of the record. To the contrary, the record demonstrates that the trial court applied enhancement factor (9) only once to each of the attempted second degree murder convictions.

Finally, Lovelace challenges the application enhancement factor (9) in conjunction with factor (10). In a novel argument, he claims that possession of a shotgun is necessary for shooting the shotgun, and the act of shooting a shotgun necessarily entails increased risk to the life of the intended target. Therefore, he argues, the application of factors (3) and (9) yields sentences for attempted second degree murder which have been "triple enhanced." We are unpersuaded. Second degree murder may be attempted in many ways, one of which is with a shotgun. Thus, possession or use of a shotgun is not an element of that offense. Further, the trial court found that the defendant created a risk to individuals other than the victims named in the indictments who were in the vicinity when Lovelace fired a shotgun into a business establishment. Lovelace did not hesitate to commit these acts when the risk to human life, other than the lives of his intended targets, was high. We see no inequity in the application of both factors (9) and (10) to the defendant's attempted second degree murder convictions.

Because we find no error in the trial court's application of

4

enhancement factors, its judgment is affirmed.

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
R. LEE MOORE, JR., SPECIAL JUDGE